Robert STROOP, et al d/b/a Driftwood Inn, Plaintiffs/Appellants,

v.

SOUTHERN LIFE INSURANCE COMPANY, Defendant/Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 27, 1983.

Permission to Appeal Denied by Supreme Court July 25, 1983.

Robert L. Huskey, Manchester, for plaintiffs/appellants.

Larry K. Tolbert, Murfreesboro, for defendant/appellee.

CANTRELL, Judge.

## OPINION

The appellants are the owners of a motel mortgaged to the appellee. From the Chancellor's denial of an injunction to prevent foreclosure, the appellants appeal and assert that the course of dealing between the parties and other factors make foreclosure inequitable.

The Driftwood Inn in Coffee County, Tennessee is the subject of this litigation. Over the years the appellants have been erratic in making their monthly payments on the note to the appellee. In September of 1980 the situation became so serious that the appellants were required to post additional collateral to avoid foreclosure.

On March 17, 1982, after the February and March payments had become overdue, the appellee sent a letter to the appellants advising them that foreclosure proceedings were about to be instituted unless the account was brought current by March 25, 1982. Spurred by this news, the appellants sent two checks drawn on an account in the Coffee County Bank to cover the February and March payments. The checks were dishonored by the bank because the funds on deposit in the particular account would not cover the checks.

By letters of April 8, 1982, from the appellee and of April 9, 1982, from the appellee's attorneys in Murfreesboro, the appellants were notified that the company had declared the note in default and demanded payment in full: failure to pay the full amount would necessitate foreclosure proceedings. The letter from the company was misaddressed and did not arrive until April 20th; the other letter arrived on Monday afternoon, April 12, 1982.

Mr. Stroop, the appellant who dealt with the appellee, had heard from the bank on the Friday prior to April 12 that the bank had dishonored the checks. By 9:30 on Monday morning, he had procured two cashier's checks, one to cover the February and March payments, and one to cover the April payment then due, and had dispatched them to the insurance company. Later that day in the afternoon mail he received a letter from the company's attorney advising him that the full amount was due.

The company refused to accept the late payment and stood on its declaration that the note was in default and payment in full was owed.

Mr. Stroop also testified that he had never had the bank refuse payment of a check before even though the account was frequently overdrawn. Furthermore, the motel and one of the partners in its ownership had enough money in other accounts to cover the two dishonored checks. Therefore, Mr. Stroop testified that he was taken completely by surprise when the bank dishonored the checks.

The Chancellor denied the appellants' efforts to enjoin the foreclosure and they appeal.

The appellants rely on the recent cases of *Lively v. Drake,* 629 S.W.2d 900 (Tenn.1982) and *Overholt v. Merchants & Planters Bank,* 637 S.W.2d 463 (Tenn.App.1982). *Lively* stands for the proposition that "as a result of a course of dealing between parties, the holder of an indebtedness may be deemed to have waived the right to accelerate without giving prior notice to the debtor of his intention to do so." 629 S.W.2d at 903. *Overholt* supports the proposition that payment on a note even though late is sufficient if made before the holder gives notice of his intent to accelerate. 637 S.W.2d at 466–67; *see Stansbury v. Embrey,* 128 Tenn. 103, 107, 158 S.W. 991, 992 (1913); *Lee v. Security Bank & Trust Co.,* 124 Tenn. 582, 590, 139 S.W. 690, 692 (1911).

■ We are of the opinion that the appellants do not come within the rules laid down in either of the cases cited. It is true that a course of dealing had been established between the parties which allowed the appellants to pay late. The company, therefore, would not be allowed to accelerate the remaining balance of the note without giving notice of an intent to do so. However, we think the letter of March 17, 1982, satisfied this requirement. In unequivocal terms the appellants were notified that if the past due payments were not made by March 25, 1982, they would accelerate the balance due. Therefore, the notice to the appellants was adequate to prevent them from relying on the ability to continue to make late payments.

The appellants' response to this notice was to send two checks on an account with an insufficient balance to allow the checks to clear.

■ Upon receipt of notice from the bank that the checks had been dishonored, the appellee and its lawyer dispatched notices of default and acceleration. Because the notices did not reach the appellants until after the cashier's checks had been sent on Monday morning, is not in our opinion sufficient to satisfy the requirements of payment prior to notice of acceleration. In the first place, the letter of March 17 was notice that the note would be accelerated if payment was not made by March 25. The appellants were aware that payment had not been made. In itself we think this is sufficient notice of acceleration. In addition, there is a general rule that payment by mail is not effective until received by the holder of the note unless the holder directs or consents that payment be so made or such mode of payments is

according to the usual course of dealings between the parties from which the holder's assent can be inferred. *Brandtjen & Kluge, Inc. v. Pope,* 28 Tenn.App. 679, 692–93, 192 S.W.2d 496, 501 (1945); *see Lively,* 629 S.W.2d at 902. The only evidence in the record of where the note was to be paid is a recital in the deed of trust that payments are to be made at Greensboro, North Carolina. Although we might speculate that the parties usually dealt through the mail, there is nothing in the record to support that conclusion. Therefore, the payment was not made before the notice of acceleration was actually received by the appellants on the afternoon of April 12th.

The appellants argue on equitable grounds that since the bank had never before dishonored one of their checks and they acted in good faith in believing the checks mailed in March would be honored, the permitting of foreclosure in these circumstances would be inequitable. We disagree. The appellee should not be penalized for the failure of the bank to behave as it always did in the particular circumstances. The record does not disclose any way the appellee could have been aware of that fact since it did not have any connection with the Coffee County Bank.

The decision of the court below is affirmed and the cause is remanded to the Chancery Court of Coffee County for any further proceedings necessary. Tax the costs on appeal to the appellants.

LEWIS and CONNER, JJ., concur.